## HERRICK *versus* OSBORNE.

Objections to the allowance of amendments of writs, unauthorized by law, can only be made available, by filing exceptions.

In writs founded upon § 49, c. 148, R. S., all the material elements necessary to give the plaintiff a right of action, must be *affirmatively* and *distinctly* alleged in his declaration. That such elements may be *inferred* from other parts of the declaration, is not enough.

Unless the defendant is charged with knowingly aiding and assisting the debtor, in the fraudulent concealment or transfer of property liable to seizure by attachment or levy by the plaintiff, the declaration is insufficient.

ACTION on the CASE.

A general demurrer was filed to the declaration, which consisted of two counts. Under leave of Court a third count was added.

The pleadings not being withdrawn, there was a joinder in demurrer after the amendment.

The nature of the action, and substance of the several counts, appear in the opinion of the Court, which was drawn up by

RICE, J. — This case comes before us on a general demurrer to the declaration. The declaration contains three counts, two of which were in the writ as originally drawn, and the third subsequently added as an amendment by leave of Court. The demurrer was filed before the amended count was introduced. At the next term after the amendment was allowed, the demurrer not having been withdrawn, was joined by the plaintiff.

The defendant now contends that judgment should be rendered upon the original counts, without regard to the amendment, as that was allowed, as he affirms, in his absence and without his knowledge or consent.

Amendments in matter of form, or for circumstantial errors or mistakes, are allowable by the provisions of sections 9 and 10, c. 115, R. S. Such amendments are admissible, though the declaration be so defective that no sufficient cause of action be exhibited, when the intended cause of

action may be clearly perceived, and no new cause of action is introduced. *Pullen* v. *Hutchinson*, 25 Maine, 249.

The granting of such amendments is matter of discretion with the presiding Judge, and if prejudicial to other parties, reasonable terms will be imposed, and the adverse party will be permitted to amend his pleadings as matter of course. Amendments, unauthorized by law, cannot be taken advantage of by general demurrer, but may be by exceptions. The question whether this amendment was properly admited, is not, therefore, now properly before the Court.

This action is founded upon R. S., c. 148, § 49. To entitle the plaintiff to recover, he must allege in his writ, and prove that his debtor was possessed of property liable to attachment or levy on execution, which was by him fraudulently concealed or transferred, to secure the same from creditors, and to prevent the seizure of the same by attachment or levy on execution; that the defendant did knowingly aid and assist in such fraudulent concealment and transfer; and that the plaintiff was at the time of such fraudulent concealment and transfer, and at the time the action was commenced, a creditor of such debtor.

These elements are substantive and material, and must all exist, to authorize the maintenance of an action under this section of the statute, which though remedial, is also penal in its character. These elements being material, must be affirmatively and distinctly alleged in the declaration, before a party can be put upon his defence. It is not sufficient that they are stated argumentatively, or may be inferred from other allegations in the writ.

A general demurrer admits the truth of all facts which are well pleaded. Every substantive fact, therefore, which is distinctly set out in the declaration in the plaintiff's writ, must, for the purposes of this examination, be deemed to be true.

The first count alleges that on the 11th day of August, 1849, John Tabor of Wells, was indebted to the plaintiff in the sum of twenty-six dollars and forty-four cents, but it

does not allege that there was a continuation of that indebtedness, nor that it existed at the time of the alleged fraudulent concealment, or transfer of property, nor at the date of his writ, nor that the property transferred to the defendant was in the possession of the debtor and liable to attachment or levy on execution for his debts.

The second count is liable to the same objections.

In the second and third counts, it is alleged " that the said James Osborne took and received said conveyances of said real estate, knowingly aiding and assisting said John Tabor, the debtor of the plaintiff, in the fraudulent transfer and concealment of his property, to secure the same from his creditors and to prevent the seizure of the same by attachment or by levy on execution," &c.

This is not a distinct allegation that the defendant did knowingly aid and assist said Tabor, in the fraudulent concealment or transfer of any property of the debtor, which was liable to seizure by attachment or levy on execution by the plaintiff. It does not therefore appear that the plaintiff was in any manner injured by the acts of the defendant, as they are set out in any of the counts in the plaintiff's writ.

The declaration is therefore adjudged insufficient on demurrer, and judgment that plaintiff take nothing by his writ.

*Bourne & Son,* in support of the demurrer.

*Goodwin, contra.*

